UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

PRO SE PRISONER CIVIL RIGHTS COMPLAINT

WARNING: You cannot use this form to ask the Court to release you from prison, to shorten your sentence, or to give you back good time credits that were taken away. If that is what you want, you must use the forms for a writ of habeas corpus.

CASE NO. 3:09cv1144(RNC)

PLAINTIFF(S) [Write the name(s) of the person(s) complaining]

DUSTIN RUOCCO #199580

vs.

DEFENDANT(S) [Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title and place of employment if you know it.]

DR. OMPREKASH PILLAI

PATTY WOLLENHAUPT C.H.N.S.

DR. JAMES MCKENNA

FILED 2009 JUL 20 P 2

Complete every section and SIGN THE LAST PAGE. The Court cannot give you legal advice, so if you need help, you should call Inmate Legal Assistance at 1-800-301-ILAP (4527). It is a good idea to ask ILAP to review your complaint before you send it to the Court, to make sure that your allegations describe the kind of claim that you can make in federal court and minimize the risk that your case will be dismissed for failure to state a good legal claim.

**A.   JURISDICTION**

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check **one**.

I can bring my complaint in federal court because I am suing:

1. ___✓___ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

**B.   PLAINTIFF(S)**   (THE PERSON(S) FILING THIS COMPLAINT)

If there are more than two plaintiffs, attach additional pages. Provide items a, b, and c for each additional plaintiff.

1. First Plaintiff

   a. Full Name: DUSTIN RUOCCO
   b. Inmate Number: # 199580
   c. Correctional facility: OSBORN C.I.

2. Second Plaintiff

   a. Full Name:
   b. Inmate Number:
   c. Correctional facility:

C.  **DEFENDANT(S)**  (THE PERSON(S) WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than six people, attach additional pages. Provide items 1, 2, and 3 for each additional defendant.

1.  First Defendant
    a.  Full Name: DR. OMPREKASH PILLAI
    b.  Rank or Title: DOCTOR
    c.  Workplace: OSBORN C.I.

2.  Second Defendant
    a.  Full Name: PATTY WOLLENHAUPT
    b.  Rank or Title: CORRECTIONAL HEAD NURSEING SUPERVISOR
    c.  Workplace: OSBORN C.I.

3.  Third Defendant
    a.  Full Name: DR. JAMES MCKENNA
    b.  Rank or Title: DOCTOR
    c.  Workplace: NEW HAVEN C.C.

4.  Fourth Defendant
    a.  Full Name:
    b.  Rank or Title:
    c.  Workplace:

5.  Fifth Defendant
    a.  Full Name:
    b.  Rank or Title:
    c.  Workplace:

6.  Sixth Defendant
    a.  Full Name:
    b.  Rank or Title:
    c.  Workplace:

**D.    PREVIOUS LAWSUITS**

Tell the Court if any plaintiff has filed other state or federal lawsuits involving these defendants or events. If you need more space, attach additional pages. **Provide items 1-8 for each case.**

1.   First Lawsuit

   a.   Court and Date filed: BPT. FED. COURT 2002?

   b.   Caption and Docket No.: DUSTIN RUOCCO V. DR. MINGZER TUNG et al
        DON'T KNOW DOCKET NO.

   c.   Briefly, what was this lawsuit about?
        DIFFERENT ISSUE, NOT RELATED TO THIS CASE.

   d.   Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?
        SETTLED CASE W/ MAGISTRATE GARFINKEL IN BPT.

2.   Second Lawsuit

   a.   Court and Date filed: BPT. FED. COURT 2004?

   b.   Caption and Docket No.: DUSTIN RUOCCO V DR. OMPREKASH PILLAI
        DON'T KNOW DOCKET NO.

   c.   Briefly, what was this lawsuit about?
        DIFFERENT ISSUE, NOT RELATED TO THIS CASE.

   d.   Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?
        SETTLED W/ MAGISTRATE GARFINKEL IN BPT.

3.   Third Lawsuit

   a.   Court and Date filed:

   b.   Caption and Docket No.:

   c.   Briefly, what was this lawsuit about?

   d.   Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

4

E.  REASON FOR COMPLAINT

**WARNING: Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Assistance at 1-800-301-ILAP (4527) before you file.

1. **Failure to use the prison grievance process before suing.** You can generally only sue for events that you have already complained about through the prison grievance process. If you have not followed all the steps in the grievance process before you come to court, the defendants may be able to get your case dismissed for "failure to exhaust administrative remedies." If your case is dismissed, you will lose your filing fee.

2. **Complaining about incidents that happened a long time ago:** You can generally only sue for events that happened within the last three years. If you are suing over events that happened earlier than that, the defendants may be able to get your case dismissed under the statute of limitations. If your case is dismissed, you will lose your filing fee.

3. **Suing people who were not personally involved:** You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor both knew about the actions of other defendants and failed to stop them. Just being a supervisor usually is not enough.

4. **Suing defendants who have immunity to suit for money damages:** You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Assistance first, or your case may be dismissed on the basis of immunity and you will lose your filing fee.

5. **Complaining about a criminal conviction or prison disciplinary**

5

proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. **The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim.** Until then, your best strategy is to call the Inmate Legal Assistance Program at 1-800-381-ILAP before you file a complaint. **If Inmate Legal Assistance says you do not have a good case, you should consider that advice very seriously.**

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to **be specific about dates, times, and the names of the people involved**. It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person – for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

**Here is an example of the proper way to describe your claims:**

Example of Statement of Case

1. On April 1, 2007, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed him my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.

**Now describe your claims.**

Statement of Case

1. ON 3-10-09 I WAS ADMITTED TO NEW HAVEN CORRECTIONAL CENTER AT THIS TIME I INFORMED THE INTAKE MEDICAL STAFF OF MY BEING TREATED FOR HERNIATED, RUPTURED + DEGENERITIVE DISC DISEASE, FOR THE PAST 1+ YEARS, IN ADDITION I HAD NUMEROUS PROCEDURES IN ATTEMPTS TO FIX MY BACK + PAIN.

2. AT THIS TIME MY MEDICATIONS WERE VERIFIED THROUGH THE PHARMACY I USE, HOWEVER I WAS NOT GIVEN ANY OF MY MEDICATION NOR ANY COMPARABLE SUBSTITUTES.

3. I WAS SEEN BY DR. JAMES McKENNA ON 3-13-09 - AT THIS TIME HE ORDERED MY PRIVATE PHYSICIANS RECORDS AND ORDERED NOTHING THAT WAS EVEN CLOSE TO COMPARABLE TO MY LONG STANDING MEDICATION REGIMEN AND DID NOTHING FOR MY PAIN OR WITHDRAWL SYMPTOMS FROM NOT TAKING MY PROPER MEDICATION.

4. ON 3-26-09 I WAS TRANSFERRED TO OSBORN C.I. AT WHICH TIME I IMMEDIATELY VOICED MY OPINION THAT IT IS A DIRECT CONFLICT OF INTEREST TO HAVE ME AT O.C.I.. DUE TO A PREVIOUS LAWSUIT AGAINST THE DOCTOR, DR. PILLAI AN HEAD NURSING SUPERVISOR PATTY WOLLENHAUPT.

5. JUST AS I HAD FEARED MY SERVERE PAIN CONTINUED TO GO UNTREATED AS WELL AS WITHDRAWL SYMPTOMS WERE UNTREATED

6. NUMEROUS REQUESTS TO SEE A DOCTOR WENT UNANSWERED, MY GRIEVANCES WERE DENIED AND ANY REAL TREATMENT WAS NON-EXISTANT.

7. I WAS GIVEN A CAIN TO WALK IN N.H.C.C. - (I HAD COME IN ON CRUTCHES) THE CAIN WAS LEFT IN NHCC ACCIDENTLY BY TRANSPORT. I WAS TOLD BY C.H.N.S. PATTY WOLLENHAUPT I WOULD GET NOTHING AT O.C.I. NO CAIN NO MEDICATION FOR PAIN.

8. DEFENDANT WOLLENHAUPT MADE IT IMPOSSABLE FOR ME TO LIVE SOMEWHAT NORMAL. I HAVE SEVERE PAIN AND MUST HOLD A WALL ON THE HALF MILE WALK TO GET MEALS.

9. ON 3-21-09 - I WAS FINALLY SEEN BY A DOCTOR, DEFENDANT PILLAI, HE ORDERED A COPY OF MY M.R.I. AND PUT ME ON A MUSCLE RELAXER FOR 7 DAYS - MY BACK PROBLEM IS NOT MUSCULAR!

10. MY MRI REPORT WAS RECIEVED AT O.C.I. ON 4-28-09 AND NOTHING WAS DONE, IN ADDITION I HAVE BEEN REFUSED MEDICAL APPOINTMENTS SINCE 3-21-09 DISPITE MY REQUEST. THE BLATANT DELIBERATE INDIFFERENCE IS VERY CLEAR.

**If you need more space, attach additional pages, but be as brief as possible.**

F.   REQUEST FOR RELIEF

Tell the court what kind of relief you want. **Remember:** (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must pursue a Writ of Habeas Corpus.

WHATEVER THIS COURT DEEMS EQUITABLE, JUST, AND FAIR FOR MY CONTINUED PAIN + SUFFERING AND THE DEFENDANTS BLATANT DELIBERATE INDIFFERENCE TO MY MEDICAL CONDITION.

G.   DECLARATION UNDER PENALTY OF PERJURY

Warning: **You must sign this** or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signed at OSBORN C.I. P.O. BOX 100 SOMERS CT 06071 on 6/2/09
         (Location)                                    (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. The complaint cannot be filed without a signature from each plaintiff.