UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
DUSTIN RUOCCO                         :
                                      :
      Plaintiff,                      :
                                      :           PRISONER
V.                                    :   Case No. 3:09-CV-1144 (RNC)
                                      :
OMPREKASH PILLAI, ET AL.,             :
                                      :
      Defendants.                     :
```

INITIAL REVIEW ORDER

Plaintiff, a Connecticut inmate proceeding pro se, brings this action under 42 U.S.C. § 1983 against two doctors and a nurse alleging deliberate indifference to his medical needs.

Under 28 U.S.C. § 1915A, the Court must review the complaint and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Plaintiff's complaint alleges the following facts.  On March 10, 2009, plaintiff was admitted to the New Haven Correctional Center.  He told medical staff about his degenerative disc disease and prescription pain medications.  Medical staff verified that plaintiff had prescriptions for medications but failed to provide him with the medications.  On March 13, 2009, Dr. James McKenna examined the plaintiff, ordered plaintiff's medical records, and prescribed medications and a cane.  These medications, which differed from the ones plaintiff had been

taking before his incarceration, were ineffective.

Plaintiff was subsequently transferred to Osborn Correctional Institution.  He continued to experience pain and withdrawal symptoms but his requests for medical treatment went unanswered by Nursing Supervisor Patty Wollenhaupt and Dr. Omprekash Pillai.  The cane prescribed by Dr. McKenna did not accompany the plaintiff to Osborn and Nursing Supervisor Wollenhaupt refused to provide him with a new one.

On March 21, 2009, Dr. Pillai examined plaintiff and prescribed a muscle relaxer for plaintiff's back condition even though plaintiff's back problem is not muscular in nature. Plaintiff's MRI test results were received at Osborn on April 28, 2009, but Nursing Supervisor Wollenhaupt and Dr. Pillai refused to schedule him for any medical appointments.  Plaintiff believes that Dr. Pillai and Nursing Supervisor Wollenhaupt are refusing to treat him because he sued them in 2004.

Accepting the foregoing allegations as true for present purposes, they are sufficient to state a claim against Dr. Pillai and Nursing Supervisor Wollenhaupt for retaliation in violation of the First Amendment and deliberate indifference to a serious medical need in violation of the Eighth Amendment.

The allegations are insufficient to state a claim against Dr. McKenna, however.  Crediting the allegations against him, he examined the plaintiff and prescribed medications and a cane.

Plaintiff's disagreement with Dr. McKenna concerning the adequacy of the medications does not show that Dr. McKenna was deliberately indifferent.  See Reyes v. Gardener, 93 Fed.Appx. 283, 285 (2d Cir. 2004) (mere disagreement regarding appropriate prescription treatment is insufficient to establish deliberate indifference).

Moreover, all claims for damages against the defendants in their official capacities are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); Quern v. Jordan, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).

**ORDERS**

In accordance with the foregoing analysis, the Court enters the following orders:

(1) All claims against Dr. McKenna are dismissed for failure to state a claim on which relief may be granted.

(2) The claims for money damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

(3) The action will proceed against Dr. Pillai and Nursing Supervisor Wollenhaupt in their individual capacities, and in their official capacities to the extent plaintiff seeks

injunctive relief, with regard to both the retaliation claims and the deliberate indifference claims.  No other claim or defendant will be included in the case unless a motion to amend filed in compliance with Federal Rule of Civil Procedure 15 is granted by the Court.

(4) Within ten (10) business days of this order, the U.S. Marshals Service shall serve the summons, a copy of the Complaint and this Order on defendants Dr. Pillai and Nursing Supervisor Wollenhaupt in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(5)  Within ten (10) business days of this Order, the Clerk shall verify the current work address for Dr. Pillai and Nursing Supervisor Wollenhaupt and mail a waiver of service of process request packet to each in his or her individual capacity at his or her current work address.  If either of these defendants fails to return the waiver request, the Clerk will make arrangements for in-person service by the U.S. Marshals Service and that defendant will be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(6)  The Pro Se Prisoner Litigation Office will send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(7)  The Pro Se Prisoner Litigation Office will send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(8)  Defendants will file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they will admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(9)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, will be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(10) All motions for summary judgment will be filed within eight months (240 days) from the date of this order.

(11) Pursuant to Local Civil Rule 9(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion may be granted absent objection.

So ordered at Hartford, Connecticut this 10th day of January 2010.

                                          /s/RNC
                                      ROBERT N. CHATIGNY
                              UNITED STATES DISTRICT JUDGE